

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Re: Opinion No. O-1865
Whether dues in the sum of
$25.00 for the year 1940
for membership in the National
Boxing Association may be paid
out of appropriation for con-
tingent expenses.

We quote from your letter of February 26, 1940, as fol-
lows:

"We believe that the item of 'contingent expense'
for the Boxing and Wrestling Division of this Depart-
ment has a special, particular, and distinct meaning
as to this Division, and that this expenditure was
contemplated by the Legislature, especially since the
Boxing and Wrestling Law, Art. 614-1, 17c, Penal Code
of Texas (Acts 1933 and 1934, 43rd Leg., Reg., 1st,
and 2nd C.S.), provides that the meaning of specified
words, as used in said Act 'shall be accepted as de-
fined by the National Boxing Association . . . and the
rules governing regulations of boxing . . . or sparring
contests or exhibitions, their seconds and referees
shall be in accordance with those set out by the Nation-
al Boxing Association . . .'

"A compilation made by this Department on January 15,
1940, showed that 18 boxers and wrestlers in Texas and
161 boxers and wrestlers in various other states of the
Union were under suspension for having violated some

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Joe Kunschik, page 2

law, rule or regulation of these states. Similar
information was compiled as to suspended managers,
seconds, referees, matchmakers, and promoters.
Boxers and wrestlers travel from one state to another,
and information concerning their moral and professional
reputation is vital. If we are to be precluded from
knowing which boxers have been suspended for violations
of their duties in other states, we would invariably
permit practices in Texas that would lower the standard
of boxing in this State, thereby resulting in a de-
cline in attendance, and this would automatically
deprive the State of contemplated revenue in its
collection of three per cent of the gross receipts
from such boxing contests.

"The National Boxing Association issued their
Suspension Bulletin No. 12 on February 12, 1940,
showing that one boxer in Texas and three boxers in
two other states had been suspended for cause, and
that three boxers in as many other states had been
reinstated. Such information is furnished to members
by the National Boxing Association. The suspensions
made in Texas are recognized in other states, and
the exchange of such information is of material
benefit In an effort to maintain boxing on a high
plane, the very purpose for which the law was passed.
We believe that Texas should have a voice in defining
specified words and also a voice in promulgating cer-
tain rules and regulations, and then the opportunity
to know what such words mean and what such rules and
regulations are."

You request our opinion as to whether or not dues in the
sum of $25.00 for the year 1940 for membership in the National
Boxing Association of America, Inc. may be paid from the "con-
tingent expense" fund mentioned in the current appropriation
for the boxing and wrestling division of your Department.

After providing salaries for employees of the boxing
and wrestling division of the Bureau of Labor Statistics, the
general appropriation bill, being Senate Bill No. 427, 46th
Legislature, makes an appropriation of the sum of $4,000.00
for "postage, stationery, telegraph, telephone, equipment,
traveling and contingent expenses." Following such itemized
appropriation is a rider reading as follows:

Hon. Joe Kunschik, page 3

"Subject to the limitations set forth in the provisions appearing at the end of this Act, there is hereby appropriated out of the Boxing and Wrestling Fund for each of the years ending August 31, 1940 and August 31, 1941, an amount sufficient to pay the items set forth above under the Boxing and Wrestling Division."

The specific purposes named in the appropriation bill for which said sum of $4,000.00 may be used are not all of a similar nature, attention being called to the differences between postage and equipment and between stationery and traveling. Hence, even the rule of ejusdem generis is of no aid in attempting to determine what is meant by the term "contingent expenses." Under the circumstances, we think it is broad enough to cover the item in question if the same be reasonably necessary in regulating the promoting and conducting of fistic combats and wrestling matches. From a reading of Article 614, Vernon's Penal Code, and in particular Sections 1a and 17c thereof, in connection with the facts set out in your letter, we are of the opinion that it is highly desirable that the Commissioner of Labor, who is authorized by law to regulate such matters and who is charged with the duty of promulgating rules and regulations which may be necessary in the premises, maintain himself in such a position as to receive information disseminated by the National Boxing Association to its members. If we understand your letter correctly, it is necessary for such membership to be established or retained if such information is to be had. Accordingly, it is our opinion that this expense may be paid out of the above item of appropriation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N      APPROVED MAR 20, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN